LOGAN McKEE, JR., Petitioner v. COMMISSIONER OF INTERVAL REVENUE, Respondent
McKee v. Commissioner
Docket No. 3146-83.
United States Tax Court
T.C. Memo 1983-758; 1983 Tax Ct. Memo LEXIS 33; 47 T.C.M. (CCH) 698; T.C.M. (RIA) 83758; December 19, 1983. Logan McKee, Jr., pro se. David W. Johnson, for the respondent. GILBERT MEMORANDUM FINDINGS OF FACT AND OPINION GILBERT, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(c) and (d) [1] and Delegation Order No. 8 (81 T.C. VII) (July 1983) for consideration and ruling on respondent's Motion for Summary Judgment filed on August 8, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
*34 Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $1,182. Respondent also determined additions to tax under sections 6651(a) and 6653(a) in the amounts of $267.75 and $59.10, respectively. The issues for consideration are: (1) Whether petitioner received and failed to report taxable income during the year 1980; and (2) whether petitioner is liable for additions to tax under sections 6651(a) and 6653(a). Petitioner resided in Austin, Texas at the time his petition was filed. During 1980, he was employed by A & D Western Security Service in Austin, Texas, and by Security Guard Service, Inc. in El Paso, Texas. In connection with those jobs, Form W-2 statements were issued which showed that he had received wages during that year in the total amount of $10,044.91. Petitioner refused to file a Federal income tax return or pay income taxes due for that year with respect to the wages he received from those employers. Instead, petitioner mailed an "Affidavit" to respondent, dated January 23, 1981, stating that he was not required to file a return or pay taxes, because: (1) The wages received were not "income;" (2) he was a "Merchant and Trader *35 at Law" rather than a "person" who was subject to tax; and (3) respondent did not have the jurisdiction to collect income taxes. Respondent, in turn, issued a statutory notice of deficiency on November 18, 1982, determining that petitioner was liable for the deficiency and the additions to tax under sections 6651(a) and 6653(a). Gross income means all income from whatever source derived including, but not limited to, wages. It includes income realized in any form, whether in money, property, or services. Section 61. The Forms W-2 submitted into the record showed that petitioner received wages in the total amount of $10,044.91 during 1980. Respondent also submitted affidavits by petitioner's employers that showed he received wages in that amount. Although the wages received by petitioner may represent no more than the time value of his work, they nonetheless represent gain derived from labor which may be taxed as income. Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir. Sept. 13, 1983); Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein.After reviewing the record, we find that the wages in the amount of $10,044.91 *36 received by petitioner during 1980 constitute taxable income for that year. It may well be that petitioner is, as he says, a "Merchant and Trader at Law;" however, we find no provision of law exempting such a person from payment of the Federal income tax. And, respondent's authority to assess and collect income taxes is so well established as not to require any further discussion here. Accordingly, respondent's determination with respect to the deficiency must be sustained. Respondent determined additions to tax under sections 6651(a) and 6653(a) in the amounts of $267.75 and $59.10, respectively. Section 6651(a) requires an addition to tax in case of failure to file an income tax return "unless it is shows that such failure is due to reasonable cause and not due to willful neglect." Section 6653(a) imposes an addition to tax equal to five per cent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Petitioner has the burden of proving that the additions determined by respondent in this case are incorrect. Welch v. Helvering,290 U.S. 111 (1933). Petitioner's "Affidavit" and amended petition *37 show that he failed to file a return and pay his income taxes in 1980 solely because he felt that the tax laws were unfair and unjust. After reviewing the record, we find that petitioner's failure to file an income tax return for the year 1980 was not due to reasonable cause and that his failure to pay the tax was due to negligence or intentional disregard of rules and regulations. As a result, the additions to tax determined by respondent must be sustained.
A summary judgment is appropriate when the pleadings and other materials show that there is "no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). After a careful review of the record, we find that there are no genuine issues of material fact in question. Accordingly, respondent's Motion for Summary Judgment will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩